CLINTON W. ELDRIDGE AND LETTIE ELDRIDGE, RE-. SPONDENTS, v. DAISY B. CALHOUN, APPELLANT.

Submitted July 5, 1920—Decided November 15, 1920.

Defendant was the owner of two automobiles, one a Ford, to be used by the superintendent of her farm in the business, and the other, a Peerless. Both the superintendent and defendant's chauffeur had strict orders not to remove the Peerless car from the garage unless upon the direct order of either herself or her husband. In the absence of defendant the superintendent ordered the chauffeur to take the Peerless car and convey himself and some of ·his guests to a boat landing, during the course of which trip, the car, through the negligence of the chauffeur, caused the damage complained of. *Held*, that to convey the superintendent and his guests on the journey was an act clearly not one on the employer's business or for her benefit, and, hence, no liability attached to the employer for damage resulting from the negligent act of the servant while engaged on the business of the superintendent and his guests.

On appeal from the Supreme Court.

For the appellant, *Homan & Buchanan,* and *Edward L. Katzenbach.*

For the respondents, *Willis P. Bainbridge.*

The opinion of the court was delivered by

KALISCH, J.  The plaintiffs below obtained a verdict in the court below against the defendant, upon which judgment

was entered. This appeal raises the question whether the facts established by the evidence in the cause justified the trial judge in submitting the case to the decision of the jury. That question is presented by two grounds of appeal which are founded upon the denials of the trial judge to grant a nonsuit and at the close of the case to direct a verdict for defendant. It, therefore, becomes necessary to state the facts.

The defendant was the owner of two automobiles, one a Peerless and the other a Ford. She was also the owner of a farm and school near Princeton, New Jersey. The farm was operated by the defendant on shares with one Nestor, who, it appears, had the superintendency of the farm. The Ford car was used mostly for farm and school purposes. The Peerless car was for the defendant's personal private use. There was a general instruction given, well known and understood by both Nestor, the superintendent, and one Cassidy, the chauffeur, who was in the employ of the defendant, but who also worked under the direction and orders of the superintendent as well, that the Peerless car was not to be removed from the garage for any purpose whatever except upon the direct order of the defendant or her husband.

On the day of the accident, the defendant was absent from the farm, leaving the motor cars in the custody of the superintendent as was her wont on other occasions. The superintendent's sister-in-law and her niece were paying him a visit on that day at the farm, and when the time for their leaving arrived, he directed Cassidy, the defendant's chauffeur, to take the Peerless car and convey him, the superintendent, and his visitors, to a certain landing in Trenton, where his guests intended to take the boat for Philadelphia. It was while on this journey, it is conceded, that through the negligent operation of the car by Cassidy, the Eldridge car was collided with and damaged and the plaintiffs injured.

The facts of the present case bring it within the control of *Cronecker* v. *Hall*, 92 *N. J. L.* 450, decided by this court, and where the cases relating to this topic are collated. It was there held that a servant having disobeyed his employer's instructions, and deviated from the business he was directed

to pursue, his use of the car was his own use and the relation of master and servant was thereby terminated.

In the case *sub judice* it is undisputed that both the superintendent and the chauffeur disobeyed the positive instructions given them by their employer not to use the Peerless car, but it is claimed that even so, the superintendent representing his employer had given his consent and direction to the chauffeur to use the car, and, therefore, the case of Cronecker v. Hall was not controlling. If disobedience of the employer's instructions not to use the Peerless car was the only element in the case, it may very well be that that would not of itself have afforded a complete defence to the plaintiff's action. As it is, however, manifest that the car was not being used on the master's business, but only for the special use of the superintendent and his guests, it cannot, therefore, be properly said that its use was for the benefit of the master and within the scope of the servant's employment.

The later case of *Depue* v. *Salmon Co.*, 92 *N. J. L.* 550, decided by this court, lays down what seems to us a sound and practical test whereby to determine whether an act done by a servant for his own interest comes within the scope of his employment, which test requires that it should appear that the service performed was for the benefit of both the master and servant. Testing the facts of the present case by that ruling it is clear that the plaintiff's case must fail. For it is quite obvious that to convey the superintendent and his guests to Trenton, whether by the Peerless or the Ford car, seems to us immaterial, was an act clearly not one on the employer's business or for her benefit, and, hence, no liability can attach to the employer for damages resulting from the negligent act of the servant while engaged on the business of the superintendent and his guests.

The judgment is reversed, with costs.

*For affirmance*—None.

*For reversal*—SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.